Good morning, Your Honor. Good morning, Counsel. I don't see anybody from... They didn't file a brief, Your Honor. The other side didn't file a brief. Oh, I see. The other side actually didn't even participate in the trial court level or the bankruptcy appellate panel level. Okay. Christopher Burke for the appellant. I guess there's no reason to reserve time for rebuttal. But unlike the way the bankruptcy appellate panel classified this case, and of note, it is a published decision, 358 B.R. 777. I only mention that because it wasn't in my paperwork. I think at the time I did my brief, it wasn't out yet as a published case number. But the bankruptcy court's decision, 358 B.R. 777. Anyway, unlike the way the bankruptcy court characterized this as a $45 objection to a payday loan, we're talking about a $4.5 billion payday loan industry. And what we have here is payday lenders who basically fought... This is not a class action. No, it's not. One question I have for you. The trustee listed the claim of checks in advance on the filing, which was for listing all unsecured creditors, correct? Correct. The clerk gave notice to checks in advance by mail that such a listing, that they found themselves among people who were listed as claimants, right? Correct. Checks in advance made no claim. Correct. Made no appearance. Time ran. Why did you file a claim? What happened... ...against the billion-dollar checks in advance industry, right? Not as a class action, but because you wanted to carry that torch, right? Well, I think it's a little different than that. The way I would look at it, Judge, with all due respect, is payday lenders constantly flaunt the law and do file claims in bankruptcy court, often more than the credit cards come to. These people didn't. No, but that doesn't... Okay. I never said another word if you hadn't done anything. The lawsuit was still there. And the trustee, if they violated truth in lending, that's an asset of the estate, and the bankruptcy trustee has an obligation to pursue that. Now, whether or not a claim was filed is not relevant to the fact that the lawsuit was still there. We didn't need a claim for the lawsuit to be there. The claim helped in case they wanted to respond and try to get the matter, have the bankruptcy court abstain it. But the claim was there regardless. The lawsuit was there regardless of whether a proof of claim was filed. And what's the most amount of damages that you could receive? Was it $45 plus attorney's fees? It's... Or is there something else on that? Couldn't receive $45. It's double the finance charge up to $1,000, no less than $100. But it's not the point of this one case. I know that, but I was just trying to see in this one case. The claim here is a $45 claim, isn't it? Well, that's the finance charge. Right. And the statutory damages allow for double the finance charge, not less than $100, not more than $1,000. So $90, I guess. Well, it's got to be. It would go to $100 because it can't be less than $100. But, again, that's not the point. The point is these claims are filed, and they're filed incorrectly. They're getting individuals, as the amicus brief has said, individuals, minorities, the elderly, the least able to defend themselves to sign these contracts without the proper disclosure, with the APR and the finance charges not clear and conspicuous. And you say, well, why pick this case? It's got to stop somewhere. It goes on endlessly, and if somebody doesn't take the lead and file a case and try to stop it, it's not going to stop. What is so hard about asking that they follow the law? Why do you think it will stop then? You said you file a case. It's not going to stop. Why do you think it will stop after you file a case? You mean after I file a lawsuit? Yes. Oh, no, I'm saying if there's a decision that comes down that says the payday lenders have to clearly and conspicuously disclose these terms and have to give timely disclosures, it can be used against them in the future to either stop filing proof of claims or get sued if they file incorrectly or don't follow the law. But if somebody doesn't take the lead and get a decision from a higher court that process because they're getting away with it, and that's all we're asking is that the law be followed, is it better to bring it on a billion-dollar case involving two big corporations? Well, that's fine. When is that going to happen? Somebody has to take the lead. It probably won't happen because the people who borrow under this, under these circumstances are the people who quite often can't borrow anywhere else. Right. And that's the thing. The trustee has taken the lead in trying to get this corrected, and I've agreed to do it, and it's all fallen on my shoulders expense-wise. And I know the BAP tried to characterize it as, well, you just want to go back for attorney's fees. I don't even know if they're still in business. It's not about getting the attorney's fees in this case. It's about getting the law read correctly so it can be used in the future. And what's your position with regard to the Seventh Circuit and Sixth Circuit decisions? Was there against your position, right? Well, when I saw you from the Sixth Circuit, Judge, I've got to tell you I had to look quickly to see if you were in on that decision. I was not. I saw that. You know, the amicus brief, and I don't know if this Court allowed the amicus brief, but the amicus brief lays out why the Sixth Circuit was incorrect. And basically, they tried to hook it up with the correction error defense, which is under 1640B or C, I forget which. And the Seventh Circuit, I think, took the narrow view. What the Seventh Circuit and Brown did, it's almost as if they completely ignored the first sentence of 1640A, which says this damages for all violations under this requirement except, and then it goes on to say the exception. And the part we're talking about violations under this part, it's talking about Part D, which is 1631 to 1647. And specifically, that would include 1632, and it would include 1638B. So instead of taking a liberal approach to the statute, which is a consumer protection statute, and looking at the exceptions narrowly, they used the exceptions and basically eviscerated the statute. And if I could just say that. Kennedy. Wasn't that the purpose of putting in the exceptions as to when there would be statutory damages in order to end such litigiousness as might be apparent in this lawsuit? Well, I would disagree with all due respect, Your Honor, because this is. That's the second time you've given me due respect. It's warranted. Again, it starts out, except as otherwise provided. And then it says the exceptions. Except as otherwise provided, this is 1640A, any creditor fails to comply with any requirements imposed under this part. It starts out with the broad generalization that's there. Yeah, but then the second paragraph of 1640 provides exceptions to the general rule and says where you can recover. And the only thing that you're complaining is you didn't get the agreement before the loan, and the interest rate is not conspicuously displayed. Those are not within the exceptions in the second paragraph. The second paragraph, exceptions, just talk about 1637 and 1638. Which provisions within those are entitled to statutory damages? In other words, 1631 through 1647, liability for violation. Except when you take out 1637, 1638, only certain provisions in there are liable for statutory damages. If they're related to the transaction. If the representations are related to the transaction. Right, within those two subsections. It doesn't all of a sudden eviscerate everything else. How can you start out saying any requirement, any violation is liable, and then say, okay, and here's the exceptions, but let's expand the exceptions to say nothing else is included except within those sections. Well, but that was the, wasn't that the purpose of the 1980 amendment, to restrict the scope of credit or civil liability for statutory penalties to only those disclosures which are of material importance to credit shopping and to, quote, eliminate litigation based on purely technical violations of the Act? And I would say these aren't technical violations. In the Dixie case that this circuit had, it came out in 1981, I believe, and the Supreme Court have said the APR and the finance charge being clearly and conspicuously disclosed are some of the most important provisions. It's to promote comparison shopping and competition and let people know what this Your client, and I guess he's your client, is he your client? The clients, I have the debtor, but the trustee hired me to do this. And when I say hired, I'm not getting paid to do it. But the But would they have shopped? I don't think that's relevant. The truthful answer is a lot of these people maybe can't read, they're foreigners, they might not understand what they're signing. But that doesn't mean we ignore the law. If I'm a serial killer and the law says don't kill, is that going to stop me? Should we not have the law? You know, you can waste your time if you want, and I'll let you. But don't. Move on to your next question. I apologize, Your Honor. Second, we argue that this violates Regulation Z. And the Supreme Court has said that Regulation Z has the same force and effect as the Act. And 1648 says nothing about ignoring Regulation Z or excluding Regulation Z. And these violations also violated Regulation Z. And I think that's an alternate basis towards statutory damages. This is news to me. Was that argued in your brief? Yes, it is, Your Honor. I'll tell you exactly. Regulation Z is from what? Regulation Z is the counterpart to truth in lending. It falls under 12 CFR section 220 and all. And my argument begins on page 12. And it was actually a matter addressed by the BAP, too. The BAP said, yes, there should be damages for violations of Regulation Z, but only if there's a gap in the statute. And they thought there was no gap in the statute. I argued there's a gap in the statute, if you want to look at it that way, because the way 1648 has been read by the Seventh Circuit and the Sixth Circuit eviscerates the statute. Now, this particular Court has ruled that detrimental reliance has to be shown for actual damages. That's a — and I did ask this Court to revisit that. And I know I didn't file a petition in Bonk. But if the Court's going to write anything, perhaps it would be so kind as to include if that's an issue they might revisit at some time, the actual damage, detrimental reliance standard that this Court has held. But the point is — What are the actual damages? Your man never paid the $45, did he? No. I'm just saying, as a general proposition, that it was an issue I argued below. And you're right. The debtor didn't prove actual damages. The point is, would this Court consider reviewing their decision? I think it was the Smith decision. But the point is this. Actual damages are so hard to prove that the only enforcement mechanism is statutory damages. And if we eviscerate that, what's the point of having this statute? You're well over your time. Thank you very much, counsel. Thank you for indulging me. This matter will be submitted.
judges: Farris, Bea, Siler